IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| VALERIE GALE,<br><br>Plaintiff,<br><br>vs.<br><br>AURORA LOAN SERVICES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 1:11-CV-47 TS |

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons stated below, the Court will grant the Motion.

I. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint.[1] Plaintiff is the owner of certain property in Clearfield, Utah. Plaintiff has a mortgage associated with the property. When Plaintiff began having a hard time paying her mortgage, she applied for a loan modification with Defendant Aurora under the Making Home Affordable Program, including the Home Affordable

---

[1]Docket No. 2, Ex. 1.

1

Modification Program ("HAMP"). Defendant Aurora denied Plaintiff's application for a loan modification.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[3] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4] But, the court "need not accept conclusory allegations without supporting factual averments."[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[7] Thus, the mere metaphysical possibility that

---

[2]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[4]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5]*S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7]*Id*.

some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[8]

III. DISCUSSION

Plaintiff's Complaint brings claims for breach of contract and negligence. Plaintiff's claims hinge on the fact that she applied for, but was ultimately not given a loan modification under HAMP.

This Court, as well as a number of others, has made clear that there is no private right of action under HAMP and that HAMP-based claims disguised as other claims, such as breach of contract, are not cognizable.[9] Here, Plaintiff's claims are all HAMP-based. As there is no private right of action under HAMP, they must be dismissed.

Plaintiff attempts to avoid dismissal, arguing that she is a third-party beneficiary to the HAMP Servicer Contract between Aurora and the federal government. In support of her position, Plaintiff points to *Marques v. Wells Fargo Home Mortgage, Inc.*[10]

The Court notes that, with near unanimity, courts have rejected the argument advanced by Plaintiff.[11] The Court finds these cases to be persuasive and agrees with their holdings. Further,

---

[8]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[9]*Shurtliff v. Wells Fargo Bank, N.A.*, 2010 WL 4609307, at *3 (D. Utah Nov. 5, 2010); *Marks v. Bank of Am., N.A.*, 2010 WL 2572988, at *5-6 (D. Ariz. June 22, 2010).

[10]2010 WL 3212131 (S.D. Cal. Aug. 12, 2010).

[11]*See In re Salvador*, 2011 WL 1833188, at *9 (Bankr. M.D. Ga. May 12, 2011) (collecting cases).

3

"[t]he holding in *Marques* has been rejected by several courts."[12] This Court too declines to follow *Marques*. Therefore, the Court finds that Plaintiff is not a third-party beneficiary to the agreement between Aurora and the federal government and her Complaint must be dismissed for failure to state a claim.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 12) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Temporary Restraining Order (Docket No. 4) is DENIED AS MOOT.

The Clerk of the Court is directed to close this case forthwith.

DATED   May 18, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] *Nafso v. Wells Fargo Bank, NA*, 2011 WL 1575372, at *4 (E.D. Mich. Apr. 26, 2011) (collecting cases).